1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J P D INC., d/b/a Wheelchair Transport/Quality | NO:  CV-11-272-RMP |
| Plaintiff, | ORDER ON REMAND |
| v. | |
| LIBERTY NORTHWEST INSURANCE CORPORATION, | |
| Defendant. | |

The Plaintiff filed this action in Spokane County Superior Court seeking various declarations as to the enforceability of an "umpire" process provision in an insurance contract and seeking damages for breach of the contract and violation of various Washington statutes.  ECF No. 2.  The Defendant, Liberty Northwest Insurance Corporation ("Liberty"), removed the action to this Court on the basis of diversity.  ECF No. 1.  On September 22, 2011, the Plaintiff moved this Court for leave to file an amended complaint so that the Plaintiff could add an additional

ORDER ON REMAND ~ 1

defendant, First National Insurance Company of America ("First National"). ECF No. 9. This Court granted that motion on November 18, 2011. ECF No. 13. The Plaintiff has now filed its amended complaint. ECF No. 14.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Section 1332's grant of jurisdiction applies only to cases where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). If the Court allows joinder of the non-diverse party, and diversity formed the sole basis for jurisdiction, the Court must remand. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374, 1377 (9th Cir. 1980)).

Under the original complaint filed in this case, diversity formed the sole basis for jurisdiction. *See* ECF No. 2 at 7-9. However, in the amended complaint,

the Plaintiff has added First National.  ECF No. 14.  First National is alleged to be a Washington insurance company.  ECF No. 14 at 2. The Plaintiff is alleged to be a Washington corporation.  ECF No. 14 at 2.  Accordingly, both the Plaintiff and First National are citizens of Washington.  As a result, there is no longer complete diversity between the parties.  Because the addition of First National Insurance Company of America destroyed subject matter jurisdiction, the Court must remand.  § 1447(e).

Accordingly, **IT IS HEREBY ORDERED:**

**1.** This case is **REMANDED** to the Spokane County Superior Court of the State of Washington (Case No. 11202507-1).

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and Spokane County Superior Court Clerk's office, and **CLOSE** this file.

**DATED** this 3rd day of January 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge


ORDER ON REMAND ~ 3